**Electronically Filed
Intermediate Court of Appeals
30314
30-SEP-2013
08:48 AM**

NO. 30314

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRENT ADAMS and PATRICIA E.G. ADAMS, Plaintiffs-Appellants, v.
HAWAII MEDICAL SERVICE ASSOCIATION, Defendant-Appellee, and JOHN
DOES 1-99; JANE DOES 1-99; DOE ENTITIES 1-20; and DOE
GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1388)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiffs-Appellants Brent Adams (now deceased) and
Patricia E.G. Adams (collectively, the Adamses) appeal from a
December 28, 2009 Judgment entered by the Circuit Court of the
First Circuit (Circuit Court)[1] in favor of Defendant-Appellee
Hawaii Medical Service Association (HMSA) and against the
Adamses. This case is related to this court's prior decision in
Hawai'i Medical Service Ass'n v. Adams, 120 Hawai'i 446, 209 P.3d
1260 (App. 2009) (Adams I) in which this court held that HMSA
properly denied authorization in 2007 for the same medical
procedure requested by the same parties in 2006.

---

[1]     The Honorable Eden Elizabeth Hifo presided.

The Adamses raise three points on appeal. They challenge the Circuit Court's "dismissal"[2] of their complaint for

(1) Breach of contract and bad faith arising from HMSA's denial of the 2006 request for an allo-transplant

> because the Commissioner in Adams I reversed HMSA's 2007 denial . . . not its 2006 denial, which was never submitted to his external review process. Thus, HMSA's appeal in Adams I did not concern its 2006 breach of the contractual and statutory requirement to apply the medical necessity criteria where the denial is based on medical necessity, and bad faith conduct, which remain the subject of the Complaint.

(2) Bad faith based on HMSA's "refusal to reconsider its denial because HMSA did not appeal from the [insurance commissioner's] conclusion it constituted bad faith, and thus it was not an issue this Court in Adams I held was moot."

(3) Negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED)

> based on HMSA's 2006 conduct as those claims were sufficiently pleaded in the Complaint and were independent of whether the allogeneic transplant was ultimately determined to be specifically excluded as that was not the basis for HMSA's conduct, and because Adams I concerned HMSA's 2007 denial, not its 2006 tortious conduct in 2006, which was adequately pleaded in the Complaint.

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable authority, we resolve the Adamses' points as follows.

With regard to the first point on appeal, the Circuit Court did not err in granting summary judgment on the Adamses' claim for breach of contract for the 2006 denial of their request for pre-authorization of an allogeneic stem-cell transplant (allo-transplant). Our decision in Adams I held that the Preferred Provider Plan for the Hawai'i Employer-Union Health Benefits Trust Fund (the Plan) specifically excluded allo-transplants from its coverage. As the Plan also provided the

---

[2]      As the Adamses appeal from the judgment entered upon the granting of HMSA's motion for summary judgment, we will review this decision using the standards for granting summary judgment and not dismissal. The appellate court reviews the circuit court's grant or denial of summary judgment de novo. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

terms of coverage for Adams in 2006, Adams I is dispositive of the Adamses' breach of contract claim in this case.

However, HMSA failed to provide evidence supporting a grant of summary judgment on the Adamses' allegation of bad faith mishandling of their claim. HMSA relied exclusively on Adams I, arguing that our decision was dispositive of all the Adamses claims and it appears the Circuit Court granted summary judgment on this basis. However, in Enoka v. AIG Hawaii Ins. Co., Inc., 109 Hawai'i 537, 128 P.3d 850 (2006), the Hawai'i Supreme Court distinguished between an insurer's bad faith failure to investigate, which would be foreclosed by an inability of the insured to establish coverage under the policy, and an insurer's bad faith mishandling of a claim, which would include an unreasonable handling of a claim, such as an unreasonable delay. Id. at 551-52, 128 P.3d at 864-65.

Here, the Adamses alleged a belated denial of their claim in their complaint. In response to HMSA's motion for summary judgment, the Adamses presented the Declaration of Patricia E.G. Adams in which she alleged, among other things, that she had many conversations with HMSA personnel regarding the "auto-allo tandem transplant" procedure leading up to and through January 2006, that they were not forthcoming with information crucial to the Adamses' understanding of coverage under the plan, and that later, in March 2006, when HMSA notified the Adamses that authorization for the procedure was denied, they were "surprised."

Generally, questions of bad faith are questions of fact and allegations of bad faith regarding fair dealing by the insurer with its insured are the kind of issue best decided by a jury and not the court. Willis v. Swain, 129 Hawai'i 478, 496, 304 P.3d 619, 637 (2013). HMSA presented no evidence that the Adamses' 2006 request for an allo-transplant was handled in a

timely manner and we cannot say that, as a matter of law, the time HMSA took to issue its denial was, under all the circumstances, reasonable.[3]

Similarly, based on the evidence presented below, we cannot say that, as a matter of law, the Adamses did not present a *prima facie* case for their NIED and IIED claims in opposition to HMSA's motion for summary judgment. Therefore, as to the Adamses' third point on appeal, we agree it was error to grant summary judgment on these claims.

Finally, we conclude the Adamses' second point on appeal is without merit.[4] The Adamses' argument in this regard is that HMSA acted in bad faith by refusing to consider new evidence in 2007 that allo-transplants had been established as the gold standard for treating patients in Brent's circumstances. In other words, this was part of the Adamses' contention that HMSA failed to properly consider the medical necessity of the allo-transplant. We view these issues as part of <u>investigating</u> the claim. As noted in Enoka, "an insured [cannot] recover for the tort of a <u>bad faith failure to investigate</u> where the insured could not establish liability on the part of the insurer on the underlying policy." 109 Hawaii at 551, 128 P.3d at 864. Therefore, it was proper for the Circuit Court to dismiss the bad faith claim to the extent the bad faith claim is based on HMSA's duty to investigate.

Based on the foregoing, we affirm the Circuit Court's entry of summary judgment on the Adamses' breach of contract claim and to the extent that their bad faith claim is based on HMSA's alleged failure to investigate. We vacate the December 28,

---

[3]    We note that discovery in this case was stayed pending the resolution of <u>Adams I</u> and, as HMSA brought its motion to lift stay in conjunction with its motion for summary judgment, very little, if any discovery could have been conducted in this case.

[4]    We also note that this point on appeal fails to comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(4), and thus we could disregard it. To the extent we can ascertain the error, we continue our policy of reaching the merits of parties' claim, where possible. <u>O'Connor v. Diocese of Honolulu</u>, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994).

2009 Judgment in all other respects and remand to the Circuit Court of the First Circuit for further proceedings consistent with this Order.

DATED:  Honolulu, Hawai'i, September 30, 2013.

On the briefs:

Arleen D. Jouxson and
Rafael G. Del Castillo,
for Plaintiffs-Appellants.

Presiding Judge

Dianne Winter Brookins and
Jason H. Kim
(Alston Hunt Floyd & Ing),
for Defendant-Appellee.

Associate Judge

Associate Judge